IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS PAUL WYNN,

        Plaintiff,                    No. CIV S-10-0546 EFB P

    vs.

MATTHEW CATE, et. al.,

        Defendants.         ORDER

_____/

       Thomas Paul Wynn, an inmate confined at Mule Creek State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.    Request to Proceed In Forma Pauperis**

       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## II.     Screening Order

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable Eighth Amendment claim against defendant Casillas.

For the reasons stated below, the complaint does not state a cognizable claim against Smith, Leatherman, Merritt, Cooper, Lackner, Palubicki, Grannis, Martel, Wilson, Thompson, Kaplan, Barroga, Cate, and Tilton. These claims will therefore be dismissed with leave to amend.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the

framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Plaintiff alleges that he was pepper sprayed while complying with orders, without provocation or justification, by defendant Casillas.  For the purposes of this initial review, plaintiff has made out an Eighth Amendment claim against Casillas.

He also alleges that defendants Merritt and Smith "set into motion a chain of events" that lead to the spraying.  However, plaintiff does not allege that these defendants violated his constitutional rights by causing or by failing to intervene in the pepper spraying.  On the contrary, he states that "Casillas continued to spray and spray some more . . . Merritt, after sharing perplexing glances with Leatherman, pushed his alarm."  As plaintiff has not alleged that Merritt and Smith participated or aided in the pepper spraying, he has failed to state an Eighth Amendment claim against them.

Plaintiff further alleges that defendants Casillas, Smith, Leatherman, Merritt, and Cooper conspired to cover up the use of excessive force after the spraying.  He alleges that Cooper coached the other defendants on how to falsify their incident reports so as to minimize liability.

////

////

////

Plaintiff alleges that, on the basis of these false reports, he was charged with a rules violation for "assault on staff." He was initially found guilty, but the decision was reversed because of violations[1] by the Chief Disciplinary Officer, Lackner. The charge was then reheard, and he was once more found guilty. Plaintiff alleges that at the second hearing, Palubicki, the hearing officer, stated "You are in blue and c/o Casillas wears green, therefore, no matter how many witnesses you call, I am still finding you guilty." Plaintiff alleges that, as he is a life prisoner, it may harm him to have a rule violation report of violent behavior in his file when he is up for a parole suitability determination.

      Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of the reports does not give rise to a claim under § 1983. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 952 (2nd Cir. 1986). Moreover, prisoners do not always have a liberty interest in internal disciplinary proceedings. State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215 (1976). However, pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship...in relation to the ordinary incidents of prison life." Id. at 484; *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir.1997). *Sandin* announced three factors useful in determining whether a plaintiff possesses a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence

---

[1] Plaintiff was originally limited at the hearing to calling only one inmate witness to the incident, although he has submitted declarations from a number of inmate witnesses supporting his story.

4

was lengthened by his restricted custody. 515 U.S. at 486-87. In this case, plaintiff does not explain whether he was placed in administrative segregation as a result of being found guilty of the rules violation, let alone whether the conditions in administrative segregation constituted an atypical and significant hardship. Although plaintiff does allege that the rules violation report may reduce his chances of being paroled, this factor alone does not meet the *Sandin* test. Accordingly, his due process claims against Casillas, Smith, Leatherman, Merritt, Cooper and Palubicki must be dismissed with leave to amend to explain how plaintiff's liberty interests were violated.

Plaintiff alleges that defendants Grannis, Martel, Wilson, Thompson, Kaplan, Barroga, Lackner and Does violated his constitutional rights by denying consideration of his internal appeals. He claims that his appeals were first rejected because he was told that he could only attach one page. After he removed the evidence and witness declarations, his appeals were denied because "[t]he documentation and arguments presented are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts," and "[t]he appellant has failed to submit any additional or new information at the Second Level of Review to warrant modification of the Firs[t] Level Decision." There are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to specific grievance procedure). Therefore, even if the internal appeals process was unfair, plaintiff's constitutional rights were not violated.

Plaintiff states that defendants Cate, Tilton, and Martel were responsible for the use-of-force policies. However, plaintiff has not claimed that Casillas was acting according to a use-of-force policy when he pepper sprayed plaintiff. Accordingly, the defendants who enacted the use-of-force policies did not cause plaintiff's injury.

Plaintiff also contends that Cate, Tilton, and Martel were responsible for training staff and investigating misconduct. There is no respondeat superior liability under § 1983. *Palmer v.*

*Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). That is, plaintiff may not sue any supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. A supervisor may be liable "for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has not alleged any facts explaining how Cate, Tilton, and Martel caused Casillas to be deficiently trained, and how their actions caused him to use excessive force during the pepper spraying incident. These claims must therefore be dismissed.

More specifically, plaintiff alleges that Sgt. Cooper "has known of" defendant Casillas' "long history of the use of excessive force." However, plaintiff has failed to explain what Cooper knew, whether he could have commanded Casillas to behave differently, or how he failed to prevent the pepper-spraying incident.

Claims against these defendants must therefore be dismissed. Plaintiff may proceed forthwith to serve defendant Casillas and pursue his claims against only those defendants or he may delay serving any defendant and attempt to state a cognizable claim against Smith, Leatherman, Merritt, Cooper, Lackner, Palubicki, Grannis, Martel, Wilson, Thompson, Kaplan, Barroga, Cate, and Tilton.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against Smith, Leatherman, Merritt, Cooper, Lackner, Palubicki, Grannis, Martel, Wilson, Thompson, Kaplan, Barroga, Cate, and Tilton, he has 30 days so to do. He is not obligated to amend his complaint. However, if plaintiff elects to proceed forthwith against defendant Casillas, against whom he has stated a cognizable claim for relief, then within 30 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election

as consent to dismissal of all claims against defendants Smith, Leatherman, Merritt, Cooper, Lackner, Palubicki, Grannis, Martel, Wilson, Thompson, Kaplan, Barroga, Cate, and Tilton, without prejudice.

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit

produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendant Casillas.

////

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff must pay the statutory filing fee of $350 for this action. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants Smith, Leatherman, Merritt, Cooper, Lackner, Palubicki, Grannis, Martel, Wilson, Thompson, Kaplan, Barroga, Cate, and Tilton are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obligated to amend his complaint.

4. The allegations in the pleading are sufficient at least to state cognizable claims against defendant Casillas. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the complaint filed March 8, 2010, one USM-285 form and instructions for service of process on defendant Casillas. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and two copies of the March 8, 2010 complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendant Casillas will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure. In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Smith, Leatherman, Merritt, Cooper, Lackner, Palubicki, Grannis, Martel, Wilson, Thompson, Kaplan, Barroga, Cate, and Tilton without prejudice.

5. Failure to comply with this order will result in this action being dismissed.

Dated: October 19, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS PAUL WYNN,

      Plaintiff,                      No. CIV S-10-0546 EFB P

  vs.

MATTHEW CATE, et. al.,

      Defendants.                NOTICE OF SUBMISSION OF DOCUMENTS

_____/

      In accordance with the court's order filed _____, plaintiff hereby elects to:

    (1) _____ consent to the dismissal of defendants Smith, Leatherman, Merritt, Cooper, Lackner, Palubicki, Grannis, Martel, Wilson, Thompson, Kaplan, Barroga, Cate, and Tilton without prejudice, and submits the following documents:

        __1__      completed summons form

        __1__      completed forms USM-285

        __2__      copies of the March 8, 2010 Complaint

**OR**

    (2) _____ delay serving any defendant and files a first amended complaint in an attempt to state cognizable claims against defendants Smith, Leatherman, Merritt, Cooper, Lackner, Palubicki, Grannis, Martel, Wilson, Thompson, Kaplan, Barroga, Cate, and Tilton.

Dated:

                                          Plaintiff