IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS PAUL WYNN,

      Plaintiff,                    No. CIV S-10-0546 EFB P

      vs.

MATTHEW CATE, et al.,

      Defendants.           <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff has filed a motion requesting a copy of his deposition transcript. Dckt. No. 17. Plaintiff argues that he has a right to review the transcript to correct errors, that he should be provided a copy of the deposition transcript at a reasonable cost, and that if defendants use portions of his deposition in a dispositive motion or at trial, a complete copy of the transcript be included in the record.

      Fed. R. Civ. P. 30(e) provides, "Upon request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days . . . to review the transcript." Plaintiff does not contend that he requested to review the transcript before the deposition was completed. Defendants have submitted a declaration by the attorney who took plaintiff's deposition declaring that plaintiff did not request to review his deposition transcript prior to the

1 completion of the deposition.  *See* Dckt. No. 19.  Because plaintiff did not request to review the
2 transcript prior to the completion of the deposition, he is not entitled to review the transcript
3 under Rule 30(e).

4 However, under Rule 30(f)(3), plaintiff is entitled to a copy of the transcript for a
5 reasonable fee.  Plaintiff states that he was not provided a copy of the stenographer's business
6 card and thus was unable to request a copy of the transcript.  Defendants have provided contact
7 information for the stenographer.  *See* Dckt. No. 18 at 3.  Plaintiff may request a copy of the
8 transcript directly from the stenographer.

9 Finally, defendants have filed their motion for summary judgment.  *See* Dckt. No. 21.
10 The motion does not rely on or mention plaintiff's deposition.  Plaintiff's request that if
11 defendants use portions of his deposition in a dispositive motion or at trial, a complete copy of
12 the transcript be included in the record, is therefore premature and is denied as unnecessary.

13 Finally, on September 29, 2011, defendants filed a motion to modify the scheduling order
14 to extend the deadline for the parties to file dispositive motions.  Defendants then filed their
15 motion for summary judgment on October 24, 2011.  Good cause appearing, defendants motion
16 to modify the scheduling order is granted, and their motion for summary judgment is deemed
17 timely filed.

18 Accordingly, it is hereby ORDERED that:

19 1. Plaintiff's motion to be provided a copy of his deposition transcript is denied.

20 2. Defendants' motion to modify the scheduling order is granted, and their October 24,
21 2011 motion for summary judgment is deemed timely filed.

22 DATED: November 3, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE