IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS PAUL WYNN,

    Plaintiff,                      No. CIV S-10-0546 EFB P

    vs.

MATTHEW CATE, et al.,

    Defendants.                 <u>ORDER</u>

_____/

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On October 24, 2011 defendant filed a motion for summary judgment. Dckt. No. 21.

    Plaintiff requests a second extension of time to file and serve an opposition to the October 24, 2011 motion for summary judgment. *See* Fed. R. Civ. P. 6(b). Plaintiff's January 4, 2012 request is granted and his January 9, 2012 opposition is deemed timely filed.

    However, to the extent plaintiff includes a cross-motion for summary judgment with his opposition brief, his motion must be denied. On November 4, 2011, the court granted defendant's motion to modify the scheduling order to extend the original deadline for filing dispositive motions from September 30, 2011 to October 24, 2011. Dckt. No. 22. That deadline may only be modified upon a showing of good cause, which exists when the moving party

1

demonstrates he cannot meet the deadline despite exercising due diligence. Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). The court notes that in plaintiff's first request for an extension of time to file an opposition brief, plaintiff claimed that good cause existed to extend the deadline for filing dispositive motions because he does not have the "24-hour a day resources" that defendant's counsel has. Dckt. No. 23. The court granted plaintiff's request for an extension of time to file an opposition, but did not address plaintiff's implicit request to modify the scheduling order and extend the deadline for filing dispositive motions. Plaintiff's comparison of his resources with those of defense counsel does not speak to plaintiff's diligence in preparing his own dispositive motion prior to the court-imposed deadline. Because plaintiff fails to demonstrate good cause for further extending the deadline for filing dispositive motions in this case, his request to modify the scheduling order is denied, and his cross-motion for summary judgment must therefore be denied as untimely.

Lastly, defendant requests an extension of time to file and serve a reply to plaintiff's opposition to defendant's October 24, 2011 motion for summary judgment. *See* Fed. R. Civ. P. 6(b). Defendant's January 13, 2012 motion is granted and defendant shall file and serve his reply on or before January 31, 2012.

Accordingly, it is hereby ordered that:

1. Plaintiff's January 4, 2012 request for an extension of time to file an opposition brief is granted and his January 9, 2012 opposition brief is deemed timely filed.

2. Plaintiff's November 15, 2011 request to modify the scheduling order is denied.

3. Plaintiff's January 9, 2012 cross-motion for summary judgment (Docket No. 26) is denied as untimely.

////

////

////

////

2

1     4. Defendant's January 13, 2012 request for an extension of time is granted and
2  defendant shall file and serve his reply on or before January 31, 2012.
3  DATED: January 19, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE