IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS PAUL WYNN,

        Plaintiff,                     No. 2:10-cv-0546 MCE EFB P

    vs.

MATTHEW CATE, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on his claim that defendant Casillas violated his Eighth Amendment right to be free from excessive force. *See* Dckt. No. 5 (Oct. 19, 2010 Screening Order). Plaintiff seeks the issuance of a preliminary injunction mandating that he remain housed at Mule Creek State Prison until the conclusion of this litigation. Dckt. No. 35. For the reasons stated below, plaintiff's motions must be denied.

      A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter,*

1

*Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions--that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another--survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.*

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

According to plaintiff, the Unit Classification Committee recommended on August 1, 2012, that he be transferred to another institution. Plaintiff is concerned that if he is transferred he will have limited communications with inmate witnesses for this case. He is also unsure of how limited his library access might be and whether he will have access to a typewriter. He fears that his legal materials may be lost or misplaced if transferred. Additionally, plaintiff wishes to remain at Mule Creek State Prison to be near his wife.

Plaintiff has not met the standards for a preliminary injunction. First, his motion is collateral to the relief sought on the merits of his petition and he does not address the first prong of the standard, whether he is likely to succeed on the merits. He does not have a constitutional right to be housed at a particular institution (even to be close to a family member). More

importantly, he fails to show that he will be irreparably harmed if transferred. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam). Plaintiff speculates that his litigation efforts might be hindered if transferred to another institution. However, "[s]peculative injury does not constitute irreparable injury to warrant granting a preliminary injunction." *Caribbean Marine Servs. Co., v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). Moreover, even if plaintiff is transferred to another institution where plaintiff finds that it is more challenging to litigate this action, plaintiff fails to show how that would result in any irreparable injury.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (Dckt. No. 35) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 17, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE