UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS PAUL WYNN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>F.A. CASILLAS ,<br><br>　　　　Defendant. | No. 2:10-cv-00546-MCE-EFB<br><br>**ORDER CONTINUING TRIAL** |

YOU ARE HEREBY NOTIFIED the jury trial is vacated and continued to **May 26, 2015**, at **9:00 a.m.** in Courtroom 7. The parties shall file trial briefs not later than **May 5, 2015**. Counsel are directed to Local Rule 285 regarding the content of trial briefs.

Any evidentiary or procedural motions are to be filed by **May 5, 2015**. Oppositions must be filed by **May 12, 2015** and any reply must be filed by **May 19, 2015.**

///
///
///
///
///
///

1

Due to the Court's high civil caseload, the parties are encouraged to consider consenting to a jury or nonjury trial before the assigned Magistrate Judge[1] as well as availing themselves of the Court's Alternative Dispute Resolution programs.[2] See E.D. Cal. Local Rs. 171, 301.

IT IS SO ORDERED.

DATED: November 25, 2014

                                                     MORRISON C. ENGLAND, JR
                                                   UNITED STATES DISTRICT JUDGE

---

[1] The Eastern District of California has for years been one of the busiest District Courts in the nation. The parties are reminded that pursuant to Federal Rule of Civil Procedure 73 and Local Rule 301, the parties may consent to a jury or nonjury trial before the assigned Magistrate Judge. As a result of the Court's high civil case load and the statutory right to a speedy trial in criminal cases, the parties are encouraged to consider the advantages of consenting to Magistrate Judge jurisdiction. Magistrate Judges can assign civil litigants a trial date much sooner and with more certainty than District Court Judges. In addition, since Magistrate Judges do not try felony cases, a trial date assigned by one can be considered a firm date which will not be preempted by a criminal case. Exercise of this jurisdiction by a Magistrate Judge is however, permitted only if all parties file a voluntarily consent form. Parties may, without adverse substantive consequences, withhold their consent, but this will prevent the Court's case dispositive jurisdiction from being exercised by a Magistrate Judge.

[2] The Court may, at the election of all the parties, refer certain actions to the Voluntary Dispute Resolution Program ("VDRP"). If the parties believe that participation in a mediation and/or a settlement conference with a Magistrate Judge would be beneficial, they are encouraged to contact the Court's Alternative Dispute Resolution (ADR) Division, in writing, at the address or email address below: ADR Division, Attention: Sujean Park, U.S. District Court, 501 I Street, Suite 4-200, Sacramento, CA 95814, email: spark@caed.uscourts.gov. Alternatively, the parties may request referral to the VDRP by filing a Stipulation and Proposed Order reflecting the agreement of all parties to submit the action to the VDRP pursuant to Local Rule 271. Should the parties reach a settlement or otherwise resolve their case by agreement of the parties, they are reminded that it is the duty of counsel to immediately file a notice of settlement or resolution as set forth in Local Rule 160.